IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GRAND OVERSEAS, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:11-CV-468-JRG |
| | § | |
| DOLLAR GENERAL CORPORATION, | § | |
| *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## OPINION AND ORDER

### I.      INTRODUCTION

Before the Court is Dollar General Corporation and Family Dollar, Inc.'s (collectively, "Defendants") Motion for Summary Judgment (Dkt. No. 52). Defendants move for summary judgment of no recoverable damages based on noncompliance with 35 U.S.C. § 287(a) (the marking statute) and Defendants also seek to dismiss the case in its entirety. The Court heard argument on this motion during a pretrial hearing held on August 20, 2013. After considering the parties' written submissions and the oral arguments of counsel, the Court hereby **DENIES** Defendants' motion for the reasons set forth below.

### II.     BACKGROUND

Grand Overseas, Inc. ("Plaintiff") alleges infringement by Defendants of two design patents related to the ornamental design for a decorative strap of a sandal: U.S. Patent No. D591,034 S ("the '034 patent) issued on April 28, 2009 and U.S. Patent No. D590,583 S ("the '583 patent") issued on April 21, 2009. Plaintiff is in the business of marketing and selling sandals and competes with Defendants in the marketplace. On November 21, 2010, Plaintiff began marking

1

products covered by the '034 patent with an adhesive label printed with "Patent# D591,034." Products covered by the '583 patent have never been marked.

On January 13, 2011, Plaintiff sent a letter to Dollar General indicating its ownership of the asserted patents and alleging infringement. Plaintiff sent a similar notice letter to Family Dollar on April 14, 2011. Both sides concede that such letters constitute actual notice of the asserted patents. The Complaint was filed on November 3, 2011.

Plaintiff submits that it does not seek damages for infringement of the '583 patent prior to the date of actual notice from each defendant. With respect to the '034 patent, Plaintiff asserts constructive notice commencing after November 21, 2010, when Plaintiff began marking with the adhesive label described above.

III.    LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment.  *Id.* at 248.  A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  In considering motions for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party.  *Id.* at 255; *Delta & Pine Land Co. v. Nationwide Agribusiness*

2

*Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

## IV.   ANALYSIS

Defendants advance three arguments for why damages should not be recoverable in this case: (1) the delay of eighteen months between the time that the '034 patent issued and the time that the covered product was marked bars constructive notice, (2) affixing a removable adhesive label to the covered product does not satisfy the marking statute, and (3) pre-notice purchases by Defendants protects them from liability for subsequent post-notice re-sales. As a prerequisite for obtaining pre-suit damages, the burden is on the patent owner to demonstrate that it complied with the marking requirements of 35 U.S.C. § 287(a). *E.g.*, *Maxwell v. Baker, Inc.,* 86 F.3d 1098, 1111 (Fed. Cir. 1996). The patent owner is required to plead and prove that it provided actual or constructive notice to an alleged infringer. *Maxwell,* 86 F.3d at 1111.

First, Defendants assert that Plaintiff sold 214,000 pairs of sandals for a period of eighteen months after the '034 patent issued and before it began complying with Section 289(a). As evidence of Plaintiff's disregard of the marking requirements, Defendants point to a letter from Plaintiff's prosecution counsel, F. Eugene Logan, dated May 5, 2009 advising Plaintiff to mark its product. (*See* Dkt. No. 52, Ex. O.) Due to the length of delay, the quantity of unmarked goods sold, and the letter from Mr. Logan, Defendants contend that they were "trap[ped] … into believing that a product is unpatented" and accordingly, Defendants assert that Plaintiff should be barred from effecting constructive notice by subsequent marking. (Dkt. No. 59 at 5.)

Both the Federal Circuit and the Fifth Circuit have held that Section 287(a) does not require marking within a particular time after issuance of a patent. *American Medical Sys. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1535 (Fed. Cir. 1993); *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594,

599 (5th Cir. 1963); *see also Wm. Bros. Boiler & Mfg. Co. v. Gibson-Stewart Co.*, 312 F.2d 385, 386 (6th Cir. 1963). In addition, "both the Fifth and Sixth Circuits have in the past specifically interpreted section 287(a) to allow damages from the time that actual marking begins or from the time of actual notice of infringement, whichever comes first." *American Medical*, 6 F.3d at 1536 (citing *Slimfold Mfg. Co. v. Kinkead Inds., Inc.*, 1990 WL 512961 (N.D. Ga.), aff'd, 932 F.2d 1453 (Fed. Cir. 1991)). In reaching this interpretation, the Fifth Circuit adopted the Sixth Circuit's reasoning that "nothing in the statute requiring marking or notice within any period after issue as a condition for recovery of damages for infringement … and the only penalty for failure … either to mark or serve notice is limited to denial of damages for infringement at any time prior to compliance with the requirements of the statute." *Bros Inc.*, 320 F.2d at 599 (citing *Wm. Bros.*, 312 F.2d at 386) (quotations omitted). Although this Court takes note of the Plaintiff's apparent disregard of Mr. Logan's advice to mark, Federal Circuit and Fifth Circuit precedent is clear on this issue. For that reason, the Court finds that Section 287(a) does not prevent the recovery of damages once full compliance occurs and actual marking begins.

Next, Defendants contend that affixing an adhesive label indicating "Patent# D591,034" is insufficient marking because it is designed to be removed before wear and use. (Dkt. No. 52 at 12.) Defendants argue that to properly comply, Plaintiff should have had the patent number directly embossed onto the sandal. Defendants contend that this is as required by the plain language of the statute. In response, Plaintiff explains its decision to utilize an adhesive label instead of embossing the patent number into the sole of the sandal. Plaintiff states that permanent marking on the sole of its sandals is not practical or cost-effective because a large number of sandal products use the same

4

sole with various other decorative strap designs that are not necessarily covered by the '034 patent. (Dkt. No. 55 at 12.)

Section 287(a) states, in relevant part, that a patentee may give notice "by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent … or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice." Outside the statute itself, Defendants provide no authority for why an adhesive label depicting the patent number is insufficient marking under these circumstances. A survey of recent decisions reveals that the majority of courts have generally taken a flexible approach to compliance with the marking statute based on the statutory purpose of providing notice to the public. *See generally*, *Stryker Corp. v. Zimmer Inc.*, 2012 WL 6821683 (W.D. Mich. Nov. 29, 2012) (listing cases that adopt the marking statute's notice-serving purpose over the highly literal reading of the marking statute's requirements). Indeed, tags identifying the patent number hung from a fireplace grate were found to comply with the marking statute because they were reasonably calculated to affect notice. *See, Bergstrom v. Sears, Roebuck and Co.*, 496 F. Supp. 476, 494 n. 9 (D. Minn. 1980). Accordingly, the Court finds that Plaintiff's marking of the sandals (by affixing an adhesive label directly to the product and identifying "Patent# D591,034") satisfies the requirements of Section 289(a). Such a label affixed to the sandal clearly fulfills the public notice obligations of Section 287(a). So long as the method employed conveys the proper public notice, the marking statute does not otherwise address the precise ways and means which a patent holder must comply.

Lastly, Defendants assert that their re-sales of accused products conducted after actual (or constructive) notice are "immune" from liability because those products were purchased from

5

Wiesner Products, Inc. ("Wiesner"), a non-party to this action, before such notice took place.[1]

Since recovery from Wiesner is barred by the marking statute, Defendants argue, such protection should extend to downstream purchasers of allegedly infringing products. To support their assertion, Defendants primarily rely on *Leapfrog Enters v. Fisher-Price, Inc.*, 2005 WL 1331216 (D. Del.). The court in *Leapfrog* found that the defendant cannot be held liable for post-notice acts of ***indirect*** infringement based on re-sales to its customers when the third-party retailer cannot be held liable for direct infringement. *Id.* at *4. However, that conclusion was predicated upon the well-established principle that there can be no liability for indirect infringement without an underlying act of direct infringement.[2] *Id.* That is not the present situation. Here, the Defendants are only accused of direct infringement, not indirect infringement.

Defendants also attempt to find protection from liability under the doctrine of patent exhaustion. They cite *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008) for the ruling that there can be no downstream liability for patent infringement after an initial authorized sale of patented products. However, the situation in *Quanta* is even farther removed from the facts in the present case. There is no allegation that Wiesner had a license to make authorized sales to the Defendants in this case, as there was in *Quanta*. The Federal Circuit has clearly held that a patentee's failure to comply with the marking statute is not a defense to patent infringement, but is instead a limitation on the patentee's recovery of damages when it fails to plead and prove compliance with the marking statute. *PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 WL 1029064

---

[1] The Court understands Defendants' third argument to apply to both the '034 patent and the '583 patent based on Defendants' allegation that constructive notice of the '034 patent did not occur until after Defendants had completed their purchases of the accused sandals. (Dkt. No. 52 n. 21 at 13.)

[2] Additional authorities cited by Defendants likewise involve allegations of indirect infringement and are similarly inapplicable. *See Fonar Corp. v. General Elec. Co*., 107 F.3d 1543 (Fed. Cir. 1997), *Tesco Corp. v. Weatherford Int'l Inc.*, 722 F.Supp.2d 755 (S.D. Tex. 2010).

(E.D. Tex. March 26, 2012) (citing *Motorola, Inc. v. United States*, 729 F.2d 765, 769-771 (Fed. Cir. 1984)). A limitation of damages on Wiesner does not equate to a license or an authorized sale that extends to its downstream customers. Section 287(a) plainly states "on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." Accordingly, the Court finds that Defendants are not protected from liability for direct infringement by virtue of its purchases from a non-party prior to the giving of actual or constructive notice.

## V.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (Dkt. No. 52) is hereby **DENIED**.


**So ORDERED and SIGNED this 21st day of August, 2013.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

7